## TIBOT v. OCASIO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 11.—Resuelto en marzo 14, 1904.

APELACIÓN—RECURSO DE CASACIÓN.—La ley de marzo 12, 1903, transformando la Corte de Casación en tribunal de apelación, no dió fuerza y vigor a los preceptos de la antigua Ley de Enjuiciamiento Civil que otorgan el recurso de apelación, sino a los que fijan su tramitación, derogando los que se refieren a la sustanciación del recurso de casación.

ID.—El recurso de apelación sólo procede en los mismos casos en que procedía anteriormente el recurso de casación.

ID.—El recurso de apelación no procede contra los autos dictados en los procedimientos para la ejecución de sentencias, a no ser que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos en la sentencia, o que se provea en contradicción con lo ejecutoriado.

### EXPOSICIÓN DEL CASO.

En el juicio de desahucio seguido ante el Tribunal de Distrito de San Juan por D. José Ramón Tibot, como albacea testamentario de D. José Antonio Fuentes, contra Andrés y Juan Ocasio, e incidente sobre nulidad de actuaciones promovido por los demandados, cuyo incidente pende ante nos a virtud de recurso de apelación, interpuesto por los mismos, contra la sentencia que lo declaró sin lugar, habiendo representado y defendido a los apelantes en esta Corte Suprema el Abogado Frank Antonsanti, sin que haya comparecido la parte apelada.(*)

*Resultando:* que la expresada sentencia, copiada a la letra, dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico a 23 de noviembre de 1903. Vista esta demanda incidental de nulidad de actuaciones, establecida por Andrés y Juan Ocasio, representados al principio por el Abogado Don José C. Rodríguez Cebollero y últimamente por el Abogado Don Frank Antonsanti, contra Don José Ramón Tibot, representado por el Abogado Don Cruz Castro.

"1. *Resultando:* que seguida demanda de desahucio de una finca rústica sita en Bayamón, por el último contra los primeros, en 9 de mayo último, se dictó sentencia por este tribunal declarando con lugar la demanda y condenando a Andrés y Juan Ocasio a que desalojasen la finca en el término de 20 días, apercibidos de lanzamiento si no cumplían lo mandado, condenándolos, además, en las costas del juicio.

"2. *Resultando:* que consentida y firme dicha sentencia, como se declaró en provisto de 3 de junio, se ordenó en la misma providencia su cumplimiento, dando comisión al juez municipal de Bayamón para que previniese a los demandados que dentro de 20 días desalojaran la finca; que habiéndoles notificado ese provisto en 12 del propio mes, no cumplieron lo mandado, por lo que en 7 de julio y a instancia del actor, se ordenó su lanzamiento, librándose, con ese objeto, la oportuna orden al día siguiente.

"3. *Resultando:* que recibida dicha orden por el juez municipal de Bayamón, dió comisión bastante al alguacil del Juzgado, Fidel Cepero, para que asistido del secretario, efectuase, como efectuó el 13 de julio, el lanzamiento de Andrés y Juan Ocasio, en cuyo acto y a solicitud del actor, representado por su encargado o mandatario Don Ramón Nieves, retuvo para cubrir las costas, dos vacas de Juan Ocasio, que dejó depositadas en su poder, y otros animales de Andrés Ocasio, que fueron depositados en Don Manuel Barril.

"4. *Resultando:* que en 18 de agosto presentó el abogado del actor Tibot, su minuta jurada de honorarios devengados en el pleito, ascendente a $75, y que a su instancia se ordenó, el 20, librar despacho al juez municipal de Bayamón para que requiriese a Andrés Ocasio a que en el acto satisficiese su importe y las costas causadas en dicho juzgado, para efectuar el desahucio, procediendo en otro caso, a la venta de los bienes depositados (*) en la forma que expresa el artículo 1601, de la Ley de Enjuiciamiento Civil, para cubrir con el importe de dicha venta las mencionadas responsabilidades.

"5. *Resultando:* que librado el despacho en 4 de septiembre, en 29 del mismo mes, estableció demanda incidental el Abogado Don José C. Rodríguez Cebollero, solicitando la nulidad de todas las actuaciones practicadas en cumplimiento de la sentencia recaída en el juicio de desahucio fundándola en los siguientes hechos: 1. Que no habiéndose dado comisión al juez municipal de Bayamón sino para efectuar el lanzamiento de los demandados, se había extralimitado embargando bienes a éstos para el cobro de costas. 2. Que esos em-

bargos no se habían hecho a solicitud de parte legítima, sino de un Don Ramón Nieves que se dijo mandatario verbal del actor, sin que ese mandato conste acreditado. 3. Que el lanzamiento se efectuó no por el juzgado municipal al que se comisionara al efecto, sino por el alguacil y secretario delegados por el juez, que carecía de facultades para tal delegación. 4. En que no estando realmente jurada la minuta de sus honorarios presentada por el Abogado Don Cruz Castro, este tribunal no pudo decretar su pago legalmente, ni el juzgado municipal de Bayamón está autorizado para tasar las costas de unos autos de que conoce esta corte; alegando, además, como fundamentos de derecho, que parecían pertinentes al caso, la Orden Judicial No. 134 de 31 de diciembre de 1899, en que se previene que las partes sean representadas en las cortes de distrito por abogados y en los juzgados municipales por un vecino con poder; los artículos 290, 292, 296 y 298 que se contraen a los comisionados para presentar y hacer cumplir exhortos y despachos y a los delegados que los jueces exhortados puedan nombrar para evacuar las diligencias que no pudiesen efectuar por sí mismos.

"6. *Resultando:* que admitida con lugar la demanda, se confirió traslado de ella por 6 días a Don José Ramón Tibot y Fuentes, que lo ha evacuado refutando los hechos y fundamentos de derecho alegados por los demandados, e invocando en su apoyo los artículos 63 de la Orden General No. 118, y 1593, 1599 y 1601 de la Ley de Enjuiciamiento Civil.

"7. *Resultando:* que abierto a prueba el incidente por el término de 10 días en calidad de comunes, no habiéndose promovido ninguna por las partes, habiendo renunciado el Sr. Rodríguez Cebollero su representación, y acreditado el transcurso del término de pruebas, en provisto de 16 del que cursa, se ordenó por el tribunal (*) traer los autos a la vista para sentencia, con citación de las partes, y habiéndose mostrado parte en lugar del Sr. Rodríguez Cebollero el Abogado Sr. Antonsanti, como representante de los Sres. Ocasio, con su citación y la del abogado de Don José R. Ribot, se ha dado cuenta con estos autos.

"8. *Resultando:* que en la tramitación de este juicio se han guardado las reglas del procedimiento. Visto, siendo Ponente el Juez Presidente Don Juan Morera Martínez.

"1. *Considerando:* que sin necesidad de que lo solicite el actor, al ejercitar el lanzamiento, deben retenerse y constituirse en depósito, como se hizo en este caso, los bienes más realizables que se encuentren,

suficientes a cubrir las costas del juicio y de las diligencias posteriores que fueren de cargo del demandado, no existiendo, por lo tanto, extralimitación alguna en los procedimientos del juzgado municipal de Bayamón, al cumplir la orden que se le dió para el lanzamiento de los demandados.

"2. *Considerando:* que la intervención en que su retención tuvo Ramón Nieves, como mandatario del actor, nada importa ni significa, puesto que sin ella y por ministerio de la ley, estaba obligado el encargado de efectuar el desalojo a hacer dicha retención para el pago de las costas del juicio y diligencias posteriores; y que según el artículo 290 de la ley de trámite, las personas encargadas por las partes de presentar o gestionar el cumplimiento de un exhorto o despacho, no están obligadas a presentar poder, ni puede exigírseles por el juez exhortado o comisionado por otro.

"3. *Considerando:* que no existe disposición alguna que ordene que el juez de un juzgado municipal a quien se comisione para el lanzamiento de uno o más desahuciados, asista personalmente a esa diligencia, que queda legalmente cumplida verificándola el alguacil y el secretario por orden del juez, siendo esos funcionarios a quienes propiamente corresponde efectuar tales actos, análogos a los embargos y ejecuciones, según los artículos 1402 y 1440 de la Ley de Enjuiciamiento Civil.

"4. *Considerando:* que según el artículo 422 de la propia ley, los abogados están autorizados para regular por sí mismos en minutas detalladas y firmadas, sus honorarios, luego que sea firme la sentencia o auto en que se hubiere hecho la condena de costas, y que en la hipótesis de que los condenados al pago consideren excesivos los honorarios que cobra el abogado Don Cruz Castro, su derecho se limita a impugnarlos por los trámites que determina el artículo 426 de dicha (*) ley, sin que eso les autorice para pretender la nulidad de las demás actuaciones practicadas en cumplimiento de la sentencia recaída en estos autos. Vistas las disposiciones legales aplicables al caso presente.

"*Fallamos:* que debemos declarar y declaramos sin lugar la demanda incidental de nulidad de las actuaciones practicadas en estos autos, desde el folio 43 al 53, promovida a nombre de Don Andrés y Don Juan Ocasio, a quienes se condena en las costas. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Frank H. Richmond y José Tous Soto."

*Resultando:* que contra esa sentencia interpuso la representación de Andrés y Juan Ocasio, recurso de apelación que le fué admitido, y elevados los autos a esta Corte Suprema, previa citación y emplazamiento de las partes, de las que compareció únicamente la apelante, se dió a dicho recurso la tramitación prevenida por la ley, habiéndose celebrado la vista sin asistencia de apelantes ni apelado.

Abogado de los apelantes: *Sr. Antonsanti.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que la ley de 12 de marzo del año próximo pasado, transformando la corte de casación en tribunal de apelación, no dió fuerza y vigor a los preceptos de la Ley de Enjuiciamiento Civil que otorgan el recurso de apelación, sino únicamente a los que fijan la tramitación de dicho recurso en los antiguos juicios de mayor cuantía, con supresión del apuntamiento, como así lo estatuye en su sección 3ª., derogando expresamente en la 2ª., los trámites establecidos para la sustanciación de los recursos de casación.

*Considerando:* que al prescribir la mencionada ley de 12 de marzo, en su sección 4ª., que en todos los casos en que la Ley de Enjuiciamiento Civil habla de recursos de casación, se entenderán de apelación, reveló claramente la intención (*) del legislador de que el recurso de apelación para ante la Corte Suprema se da actualmente contra las mismas resoluciones que antes podían ser materia del recurso de casación, con arreglo a la Ley de Enjuiciamiento Civil.

*Considerando:* que esa ley establece en su artículo 1693 que no habrá lugar al recurso de casación contra los autos que se dicten en los procedimientos para la ejecución de sentencias, a no ser que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos en la sentencia, o se provea en contradicción con lo ejecutoriado, y como consecuencia de la doctrina expuesta, esa misma regla y excepciones, deben

tenerse en cuenta para determinar la procedencia o improcedencia del recurso sometido hoy a la decisión de este tribunal.

*Considerando:* que la sentencia apelada no resuelve punto alguno sustancial de derecho, pues el incidente en que ha sido dictada versa sobre nulidad de actuaciones, bajo el fundamento de haberse infringido reglas de procedimiento, y tampoco provee en contradicción con lo ejecutoriado, sino que por el contrario tiende a las más pronta ejecución del fallo pronunciado en el juicio de desahucio en que se ha originado dicho incidente.

*Considerando:* que por las razones expuestas es inadmisible el recurso interpuesto, y por tanto, no cabe discutirlo y resolverlo.

*Fallamos:* que debemos declarar y declaramos no haber lugar a resolver el recurso de apelación interpuesto por Juan y Andrés Ocasio, contra la sentencia que dictó el Tribunal de Distrito de San Juan en 23 de noviembre del año próximo pasado, por la que se declaró sin lugar el incidente de nulidad de actuaciones con las costas del recurso también a cargo de los apelantes, y devuélvanse los autos al referido tribunal con certificación de esta resolución a los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, Sulzbacher y MacLeary.(*)